United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN M. HOFFER, | NO. C 04-01555 JW |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION FOR SANCTIONS RE THIRD AMENDED COMPLAINT** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, and DOE DEFENDANTS 1 THROUGH 24, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Steven Hoffer ("Hoffer" or "Plaintiff") filed suit against Defendant International Business Machines Corporation ("IBM" or "Defendant"), alleging, inter alia, that Defendant fraudulently induced Plaintiff to reveal his trade secrets and that Defendant misappropriated Plaintiff's trade secrets for its own gain. Presently before this Court is Defendant's Motion for Sanctions re Plaintiff's Third Amended Complaint. (See Defendant's Motion For Sanctions Re Third Amended Complaint, hereafter "Defendant's Motion," Docket Item No. 42.) The Court considered the parties' pleadings and found the matter to be suitable for disposition without oral argument. See Civ. L. R. 7-1(b). Based upon all the papers filed to date, the Court DENIES Defendant's Motion for Sanctions.

## II.  BACKGROUND

A complete background of this case may be found in the Court's October 6, 2005 Order granting Defendant's Motion to Dismiss the Third Amended Complaint.  (See Docket Item No. 51.)  The facts that are relevant to Defendant's motion for sanctions begin on May 11, 2005, when this Court dismissed Plaintiff's Second Amended Complaint ("SAC"), granting Plaintiff leave to amend his First, Second, Third, Fourth, Fifth, Seventh, Eleventh, and Twelfth Causes of Action.  Plaintiff amended his complaint and added four additional causes of action without leave of this Court or by written consent of the adverse party.  (See Docket Item No. 38.)

On October 6, 2005, the Court dismissed, with prejudice, Plaintiff's Third Amended Complaint ("TAC") because Plaintiff failed to plead his trade secrets claims with sufficient particularity.  Additionally, the Court dismissed Plaintiff's four additional causes of action because those causes of action were improperly added.  (See Docket Item No. 51.)  For these reasons, Defendant seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and or under 28 U.S.C. § 1927.

## III.  DISCUSSION

**A.  Defendant has failed to meet the procedural requirements for making a Rule 11 motion for sanctions.**

Fed. R. Civ. P. 11 imposes upon attorneys and unrepresented litigants an affirmative duty to conduct a competent and reasonable inquiry of the facts and of the law in advance of filing any court papers.  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  Accordingly, Rule 11 sanctions are appropriate only if a party brings either a frivolous action or an action for an improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." FED. R. CIV. P. 11(b); see also Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).  However, if the pleading "states an arguable claim," sanctions are generally inappropriate.  Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196, 201 (9th Cir. 1988).  The court applies an objective standard to determine whether sanctions are warranted under Rule 11.  Id. (citing Townsend, 929 F.2d at 1362 (9th Cir. 1990) (en banc)).

However, before awarding Rule 11 sanctions, the Court must find that the procedure required by Rule 11(c)(1)(A) has been followed.  Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998).  Rule

11(c)(1)(A) provides that sanctions under this rule "... shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. Proc. 11(c)(1)(A).  This is often known as the "safe harbor" provision.

It is clear from the language of the rule that it imposes mandatory obligations upon the party seeking sanctions to first give notice to the alleged offender.  Thus, under the safe harbor provision of Rule 11, IBM is required to serve its motion for Rule 11 sanctions on Hoffer at least 21 days before filing it with the Court, to permit Hoffer the opportunity to withdraw the TAC.  Fed.R.Civ.P. 11(c)(1)(A); see also, Retail Flooring Dealers of Amer. v. Beaulieu of Amer., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003).  There is no evidence that IBM served its Rule 11 motion on Hoffer twenty-one days before filing it with the Court.  Defendant's motion for sanctions under Rule 11 is procedurally defective, therefore, it is denied.

**B.    Defendant has failed to establish that Plaintiff's Complaint was vexatious or made for the purpose of harassment.**

Title 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Section 1927 sanctions are appropriate when there is no obvious violation of the Federal Rules, but where, within the rules, the proceeding is conducted in bad faith for the purpose of delay or increasing costs.  In re Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986), as amended by 803 F.2d 1085 (9th Cir. 1986), cert. denied by Real v. Yagman, 484 U.S. 963 (1987).

"Section 1927 sanctions require a bad faith showing."  West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1526 (9th Cir. 1990).  Repeated filing of materially identical complaints despite an adverse judgment is evidence of bad faith.  Wages v. Internal Revenue Service, 915 F.2d 1230, 1235 (9th Cir. 1990).  In order to impose sanctions under section 1927, the court must find that: (1) the attorney multiplied the proceedings; (2) the attorney's conduct was unreasonable and vexatious; and (3) the conduct

3

resulted in an increase in the cost of the proceedings. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002).

The Ninth Circuit has held that a pro se plaintiff may be sanctioned under section 1927. Wages, 915 F.2d at 1235-36. However, while the district court may impose Rule 11 sanctions against a pro se litigant for filing a frivolous claim, the court must construe pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1037 n.13 (9th Cir. 1985). Moreover, courts have "sufficient discretion to take account of the special circumstances that often arise in pro se situations." FED. R. CIV. P. 11 advisory committee's notes to the 1983 amendment.

Defendant contends that sanctions are proper under section 1927 because: (1) Plaintiff's amended complaint did not materially differ from one which the Court has already dismissed; and (2) Plaintiff continually disregarded the Court's rules and orders.

Defendant's contentions lack merit. Although Plaintiff's TAC failed to allege protectable trade secrets with particularity, it was materially different from Plaintiff's SAC. Plaintiff's TAC included additional facts in an attempt to support his trade secrets claims. Plaintiff attempted to explain the alleged trade secrets more thoroughly, including listing what he believed to be the five trade secrets. Moreover, the Court granted Plaintiff leave to amend his SAC. Though Plaintiff attempted to allege his "reverse passing off" claim that the Court had twice dismissed with prejudice, this alone does not rise to the level of vexatiousness under section 1927 considering the status of Plaintiff as a pro se litigant.

The Court finds that Plaintiff's TAC was not presented for "improper purposes," such as harassment or causing unnecessary delay or needless increase in the cost of litigation. Each time that the Court dismissed Plaintiff's Complaint, the Court gave Plaintiff leave to amend. Plaintiff amended his Complaint by the Court's invitation. Though his complaint was ultimately founded to be insufficient, it is clear that this pro se Plaintiff did his best to articulate a cognizable claim. There is no evidence that Plaintiff's TAC was for the purpose of harassment or causing unnecessary delay to Defendant or the Court. Therefore, the Court denies Defendant's motion for sanctions under 28 U.S.C. § 1927.

//

4

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Sanctions Re Plaintiff's Third Amended Complaint is DENIED.

Dated: October 31, 2005                         /s/ James Ware
                                                JAMES WARE
                                                United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles K. Verhoeven charlesverhoeven@quinnemanuel.com
Irvin E. Tyan Irvintyan@quinnemanuel.com
Robert W. Stone robertstone@quinnemanuel.com
William Paul Schuck paulschuck@quinnemanuel.com

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Steven Hoffer
3827 Shasta Street, Suite B
San Diego, CA  92109

**Dated: October 31, 2005**       **Richard W. Wieking, Clerk**

                                  **By:__/s/ JW Chambers _____**
                                  **Ronald L. Davis**
                                  **Courtroom Deputy**